UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61880-CIV-COHN

PEDRITO GONZALEZ,

Magistrate Judge Seltzer

    Plaintiffs,

vs.

WILLIAMS SCOTSMAN, INC.

    Defendant.
_____/

## ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

**THIS CAUSE** is before the Court upon Defendant Williams Scotsman, Inc.'s Rule 12(c) Motion for Judgment on the Pleadings [DE 6], Plaintiff's Response in Opposition to the Motion [DE 8] and Defendant's Reply in support of its Motion [DE 10]. The Court has carefully considered the entire record, and is otherwise fully advised in the premises. The Motion became ripe on November 18, 2010.

### I. BACKGROUND

Plaintiff Pedrito Gonzalez ("Plaintiff") filed this action on October 7, 2010, for failure to pay overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiff alleges in his Complaint that he worked "as a truck driver" for Defendant Williams Scotsman, Inc. ("Defendant"). Complaint, ¶ 4. In its Answer, Defendant alleges that Plaintiff was employed "as a driver of commercial motor vehicles," and held a Class A Commercial Driver's License ("CDL") issued by the State of Florida. Answer and Affirmative Defenses, ¶ 2 [DE 5]. In addition, Defendant is registered with and under the jurisdiction of the United States Department of

Transportation ("DOT") and subject to DOT regulation.  Id. ¶ 3.  Defendant moves for judgment on the pleadings, arguing that pursuant to the Motor Carrier Act, 29 U.S.C. § 213(b)(1), Plaintiff is exempt from the FLSA.  Plaintiff opposes the motion.

## II.  DISCUSSION

### A.  Motion for Judgment on the Pleadings

Judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is appropriate "when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts."  Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002).  The Court must accept all the facts in the complaint as true and view them in the light most favorable to the plaintiff.  Hart v. Hodges, 587 F.3d 1288, 1290, n. 1 (11th Cir. 2009) (citing Moore v. Liberty Nat. Life Ins. Co., 267 F.2d 1209, 1213 (11th Cir. 2001)).

### B.  Motor Carrier Act Exemption

Plaintiff claims that Defendant failed to pay him overtime.  The pleadings reveal that Plaintiff was employed as a truck driver, that he held a CDL, that Defendant is a private motor carrier under the Motor Carrier Act, is registered with the DOT, and is subject to DOT regulation and jurisdiction.  Defendant thus asserts that the Court may determine upon the pleadings that Plaintiff is exempt from the FLSA.  Defendant bears the burden of proving such an exemption, and such exemptions are to be construed narrowly.  Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1156 (11th Cir. 2008).

Any employee is exempt from the FLSA pursuant to the Motor Carrier Act if the "Secretary of Transportation has [the] power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." 29 U.S.C. § 213(b)(1). This exemption is triggered if: 1) the employee is employed by a carrier who is subject to DOT jurisdiction under the Motor Carrier Act; and 2) the employee "engages in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce." Mena v. McArthur Dairy, 352 Fed. App'x. 303, 305-06, 2009 WL 3004009 (11th Cir. 2009) (quoting 29 C.F.R. § 782.2(a)). Defendant asserts that there is no doubt that it is under DOT jurisdiction, a factual allegation in the pleadings not disputed by Plaintiff.

### 1. Activities Directly Affecting Safety of Operation

As to the second element, Defendant argues that because Plaintiff is a truck driver, it is presumed that he affected the safety of operation of motor vehicles in order to transport property in interstate commerce. Plaintiff contends that Defendant is misleading the Court into believing that Plaintiff's CDL licensing is dispositive on the issue of whether his activities directly affected safety of operation.[1] Plaintiff argues that 29 C.F.R. § 782.2(b)(2) "explicitly state[s] that such a determination is exclusively within the jurisdiction of the courts." In its reply, Defendant cites to 29 C.F.R. § 782.3, which

---

[1] Plaintiff makes this statement within paragraphs that more directly attack the interstate commerce element contained within this second element of a Motor Carrier Act exemption, as opposed to the discrete issue of meeting a job classification affecting safety of operation.

3

states that the "work of an employee who is a full-duty or partial-duty driver . . . directly affects safety of operation." In fact, the sentence immediately prior to the sentence quoted by Plaintiff in § 782.2(b)(2) makes clear that the work of a "driver" directly affects safety of operation, and that other classifications of work are to be determined by judicial process. In this case, the Court need not make such a determination, as the Secretary of Transportation has already determined that a "driver" ("an individual who drives a motor vehicle in transportation which is, in the meaning of the Motor Carrier Act, in interstate or foreign commerce," 29 C.F.R. § 782.3), is engaged in activities directly affecting safety of operation.

### 2.  Interstate Commerce under the MCA

Before the Court can conclude that Defendant has met its burden that the second element applies, it must also determine whether Plaintiff was a driver in interstate commerce. Defendant relies upon Plaintiff's assertion in his Complaint that Plaintiff was engaged in interstate commerce under the FLSA. Plaintiff's principal argument in opposition to the present motion is that the definition of interstate commerce under the FLSA is broader than that used in the Motor Carrier Act, a fact specifically acknowledged in the Motor Carrier Act regulations. 29 C.F.R. § 782.7. In reply, Defendant points to the following statement in its Answer, that it "is engaged in interstate commerce, transports its property interstate routinely, and has annual gross sales and/or business volume of $500,000 or more." Answer, ¶ 3. The assertion in the Answer regarding interstate transportation is more akin to a legal conclusion, than a factual allegation such as a job duty, holding a specific type of license, or reference to a

specific DOT registration number.

The Court concludes that Defendant has not met its burden to show that the pleadings prove that the intrastate shipments by Plaintiff were part of a continuous movement of goods in interstate commerce.  DeMaria v. Ryan P. Relocator, Co., 512 F.Supp.2d 1249, 1254 (S.D. Fla. 2007).[2]  The Court also notes that all the cases from this Circuit referenced by Defendant were all decided on summary judgment after discovery, not simply upon the pleadings. See Alvarado v. I.G.W.T. Delivery Sys., Inc., 410 F.Supp.2d 1272, 1276 (S.D. Fla. 2006); Cruz v. Southern Waste Sys., LLC, 2010 WL 309016 (S.D. Fla. Jan. 25, 2010).

### III.  CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that Defendant Williams Scotsman, Inc.'s Rule 12(c) Motion for Judgment on the Pleadings [DE 6] is hereby **DENIED**.   Defendant is free to reargue this issue in the context of a summary judgment motion after discovery has been held on the issue of interstate commerce.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of November, 2010.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:
counsel of record

---

[2]  To the extent Defendant argues that it must only show that the company as a whole transported its goods in interstate commerce, and not that Plaintiff was part of a "'practical continuity of movement' between the intrastate segment and the overall interstate flow," the Court rejects Defendant's suggestion.  Walters v. American Coach Lines of Miami, Inc., 575 F.3d 1221, 1229 (11th Cir. 2009).